Todd M. Friedman (SBN 216752)
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Drive, Suite 725
Beverly Hills, California 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com

Jesse S. Johnson*
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Phone: (561) 826-5477
Fax: (561) 961-5684
jjohnson@gdrlawfirm.com
*to seek admission *pro hac vice*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Delia Aikens, *on behalf of herself and others similarly situated*, | ) Case No. |
| | ) |
| Plaintiff, | ) PLAINTIFF'S CLASS ACTION COMPLAINT |
| | ) |
| vs. | ) JURY TRIAL DEMANDED |
| | ) |
| Malcolm Cisneros, A Law Corporation, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

### Nature of this Action

1.      Pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. §

1367(a), this Court has jurisdiction over this class action under the federal Fair Debt

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code, § 1788 *et seq.*

2.      Delia Aikens ("Plaintiff") alleges that Malcolm Cisneros, A Law Corporation ("Defendant") failed to properly provide her with disclosures required by 15 U.S.C. § 1692g, utilized false threats of foreclosure proceedings in its debt collection communications to attempt to extract payment from her on the alleged debt, and used deceptive and unfair means to attempt to collect that debt.

3.      Venue is proper in this Court under 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action transpired in this district, and as Defendant transacts business in this district.

## Parties

4.      Plaintiff is a natural person who at all relevant times resided in Riverside County, California.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant is a law corporation that maintains offices in Orange County, California.

7.      Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

8.     Defendant was at all relevant times engaged in the business of attempting to collect from Plaintiff a "debt" as defined by 15 U.S.C. § 1692a(5).

9.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

## Factual Allegations

10.     Plaintiff is obligated, or allegedly obligated, to pay a debt now owed or due, or asserted to be owed or due, a creditor other than Defendant—namely, Panatte, LLC ("Panatte").

11.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due Panatte arises from transactions in which the money, property, insurance, or services that are the subject of the transactions were incurred primarily for personal, family, or household purposes—specifically, a home equity loan secured for personal, family, or household expenses.

12.     Upon information and belief, at the time Panatte employed Defendant to collect the alleged debt from Plaintiff, the debt was in default, or Defendant treated the debt as if it were in default from the time that Defendant acquired it for collection.

13.     Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e).

14.     It did so in response to "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which contributes "to the number of

personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.*, § 1692(a).

15. Recently, the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—explained: "Harmful debt collection practices remain a significant concern today. The Bureau receives more consumer complaints about debt collection practices than about any other issue." *See* Brief for the CFPB as Amicus Curiae, ECF No. 14, p. 2, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf.

16. Of these complaints about debt collection practices, over one-third relate to debt collectors' attempts to collect debts that consumers do not owe. *See* Consumer Financial Protection Bureau, *Fair Debt Collection Practices Act—CFPB Annual Report 2016* at 16-17 (2016), https://www.consumerfinance.gov/data-research/research-reports/fair-debt-collection-practices-act-annual-report-2016/.

17. To combat this problem, the FDCPA requires that debt collectors send consumers "validation notices" containing certain information about their alleged debts and related rights "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," unless the required

information was "contained in the initial communication or the consumer has paid the debt." 15 U.S.C. § 1692g(a).

18. "[T]his validation requirement was a 'significant feature' of the law that aimed to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" *Hernandez*, No. 14-15672, ECF No. 14 at 5 (quoting S. Rep. No. 95-382, at 4 (1977)).

19. On October 4, 2017, Defendant mailed to Plaintiff a communication with the heading "NOTICE OF INTENT TO FORECLOSE" and referencing an account number and property address purportedly subject to an impending foreclosure action.

20. A true and correct copy of Defendant's October 4, 2017 letter is attached as Exhibit A.

21. Defendant's October 4, 2017 communication to Plaintiff was its initial communication to her.

22. The October 4, 2017 letter goes on to state:

This notice is to inform you that you have defaulted in your obligations under the terms of a Note and Deed of Trust (Security Instrument) on the above-referenced Property. Under the terms of your Loan, as evidenced by written Note and secured by the Deed of Trust, Malcolm Cisneros, A Law Corporation hereby notifies you on behalf of PANATTE, LLC of the following:

PANATTE, LLC is the holder of the Note and Beneficiary under the Deed of Trust dated April 3, 2006, executed by Delia E. Aikens, an unmarried woman to secure obligations in favor of Mortgage Electronic Registration Systems, Inc. as nominee of Homecomings Financial Network, Inc., succeeded by PANATTE, LLC, as Beneficiary, and recorded on April 14, 2006 as Instrument No. 2006-0269902 in the Official Records of Riverside County, California.

*See* Ex. A.

23.     The letter further adds:

This amount [due] is **$65,262.58** (not including foreclosure fees and costs) as of **October 4, 2017** and will increase until your account becomes current. This total plus any payments, late charges, fees, insurance advances, or delinquent taxes due must be paid within 30 days from the date of this notice. Partial payments are not acceptable.

*Id.*

24.     Later, Defendant's October 4, 2017 letter advises, simply, "If you have any reason to dispute the past-due amount listed above, or if you believe your Loan is current, please contact us at the number provided below." *Id.*

25.     The October 4, 2017 letter then threatens:

If you fail to cure the default within 30 days from the date of this notice, PANATTE, LLC will accelerate the maturity of the Loan, terminate your credit line if the Loan provides for revolving advances, declare all sums secured by the Security Instrument immediately due and payable, and commence foreclosure proceedings, all without further notice to you.  If this happens, PANATTE, LLC will be entitled to collect its expenses incurred in pursuing the remedies provided in the Security Instrument, which may include, but not be limited to, allowable foreclosure/attorney fees, and other expenses permitted by applicable law.

*Id.*

26.     What's more, at the bottom of each page of Defendant's October 4, 2017 letter is a statement that "PANATTE, LLC would like to avoid acceleration and foreclosure if possible. Please contact Josh Ross at PANATTE, LLC at (844) 736-7531 to discuss payment options to settle this matter and avoid foreclosure of your home." *Id*.

27.     Defendant's October 4, 2017 initial communication to Plaintiff did not properly provide the disclosures required by 15 U.S.C. § 1692g(a).

28.     In particular, the October 4, 2017 letter did not include a statement that unless Plaintiff, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by Defendant, as required by 15 U.S.C. § 1692g(a)(3).

29.     Nor did the October 4, 2017 letter include a statement that if Plaintiff notifies Defendant in writing within the thirty-day period that the debt, or any portion thereof, is disputed, Defendant will obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment will be mailed to her by Defendant, as required by 15 U.S.C. § 1692g(a)(4).

30.     Nor did the October 4, 2017 letter include a statement that, upon Plaintiff's written request within the thirty-day period, Defendant will provide her with the name and address of the original creditor, if different from the current creditor, as required by 15 U.S.C. § 1692g(a)(5).

31.     Defendant did not provide the foregoing disclosures within five days of its initial October 4, 2017 communication.

32.     To be sure, Defendant sent Plaintiff another communication dated October 5, 2017, which is attached as Exhibit B and is materially identical to the October 4, 2017 letter except for the "Certified Mail No." included on the final page of each. *Compare* Ex. A *with* Ex. B.

33.     The October 5, 2017 letter fails to provide the requisite § 1692g(a) disclosures omitted from the October 4, 2017 letter.

34.     Defendant further contravened the FDCPA by way of its October 4 and 5, 2017 letters for threatening to take an action that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5).

35.     That is, by way of the two letters, Defendant made multiple threats to initiate foreclosure proceedings on Plaintiff's property if she did not pay the alleged debt in full. *See generally* Exs. A, B.

36.     However, by subsequent letter dated October 13, 2017, attached as Exhibit C, Panatte informed Plaintiff that Defendant's October 4 and 5 letters had been "sent in error" and that Panatte "will not be foreclosing on the property" listed in the prior letters.

37.    Correspondingly, by Panatte's own admission, Defendant's prior threats of foreclosure—what had been sent at Panatte's behest—were hollow, and thus false and deceptive, in violation of the FDCPA. *See* Ex. C.

38.    Moreover, by demanding payment of $65,262.58 "plus any payments, late charges, fees, insurance advances, or delinquent taxes due," Exs. A, B, *without* simultaneously explaining or disclosing the nature of any such payments, charges, fees, advances, or taxes, Defendant used false, deceptive, and unfair means to attempt to collect the alleged debt from Plaintiff.

39.    That is, Defendant's oblique reference to some unknown "payments, late charges, fees, insurance advances, or delinquent taxes due" without any further explanation would leave any consumer, let alone the least sophisticated consumer, guessing as to what she actually owed on the alleged debt, rendering its debt collection efforts false, deceptive, misleading, and unfair under the statute.

40.    Defendant's October 4 and 5, 2017 letters thus additionally violated the FDCPA at 15 U.S.C. § 1692e(2)(A), § 1692e(10), and § 1692f.

41.    Upon information and good faith belief, Defendant's October 4 and 5, 2017 letters to Plaintiff were based upon form templates utilized for Defendant's communications with California consumers generally.

**Class Allegations**

42.     Plaintiff brings this action under Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of herself and others similarly situated.

43.     Plaintiff seeks to represent three classes:

> *Disclosure Class*: All persons (a) with a California address, (b) to whom Malcolm Cisneros, A Law Corporation mailed an initial debt collection communication, (c) within the year preceding the date of this complaint, (d) in connection with the collection of a consumer debt, (e) that failed to provide: (i) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; or (ii) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; or (iii) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

> *False Threat Class*: All persons (a) with a California address, (b) to whom Malcolm Cisneros, A Law Corporation mailed a debt collection communication, (c) within the year preceding the date of this complaint, (d) in connection with the collection of a consumer debt, (e) with a title of "Notice of Intent to Foreclose," (f) but to whom Malcolm Cisneros, A Law Corporation or Panatte, LLC subsequently mailed a communication indicating that the initial debt collection communication had been sent in error and that Panatte, LLC would not be foreclosing on the subject property.

> *Fees Class*: All persons (a) with a California address, (b) to whom Malcolm Cisneros, A Law Corporation mailed a debt collection communication, (c) within the year preceding the date

of this complaint, (d) in connection with the collection of a consumer debt, (e) that stated: "This total plus any payments, late charges, fees, insurance advances, or delinquent taxes due must be paid within 30 days from the date of this notice."

44.     Excluded from the proposed classes are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

45.     Upon information and good faith belief, the proposed classes are so numerous that joinder of all members is impracticable.

46.     The exact number of the members of the proposed classes are unknown at this time, but can, upon information and good faith belief, be determined through appropriate discovery.

47.     Upon information and good faith belief, the proposed classes are ascertainable in that the names and addresses of all members of the proposed classes can be identified by Defendant's and Panatte's business records.

48.     There exists a well-defined community of interest in questions of law and fact that affect all members of the proposed classes.

49.     Common questions of law and fact predominate over questions that may affect individual members of the proposed classes.

50.     These common questions of law and fact include, but are not limited to:

- Whether Defendant's initial debt collection communications fail to contain disclosures required by the FDCPA;

- Whether Defendant's debt collection communications are false, deceptive, and misleading in threatening to take actions Defendant does not intend to take;

- Whether Defendant's debt collection communications are false, deceptive, and misleading in demanding payment for unknown "payments, late charges, fees, insurance advances, or delinquent taxes";

- Whether Defendant is a "debt collector" as defined by the FDCPA;

- The availability of statutory penalties under the FDCPA and Rosenthal Act;

- The availability of attorneys' fees under the FDCPA and Rosenthal Act; and

- The availability of costs under the FDCPA and Rosenthal Act.

51.    Plaintiff's claims are typical of those of the members of the proposed classes.

52.    Plaintiff's claims, and the claims of the members of the proposed classes, originate from the same conduct, practice, and procedure on the part of Defendant.

53.    If brought and prosecuted individually, the claims of each member of the proposed classes would require proof of the same material and substantive facts.

54.    Plaintiff possesses the same interests and has suffered the same injuries as the members of the proposed classes.

55.     Plaintiff asserts identical claims, and seeks the same relief, for both herself and the members of the proposed classes.

56.     Plaintiff will fairly and adequately protect the interests of the members of the proposed classes.

57.     Plaintiff has no interest that directly and irrevocably conflicts with the interests of other members of the proposed classes.

58.     Plaintiff is willing and prepared to serve this Court and the members of the proposed classes.

59.     Plaintiff's interests are co-extensive with, and not directly antagonistic to, those of the members of the proposed classes.

60.     Plaintiff has retained the services of counsel who are experienced in both consumer protection claims and complex class action litigation.

61.     Plaintiff's counsel will vigorously prosecute this action, and will protect and otherwise represent both Plaintiff and all absent members of the proposed classes.

62.     The prosecution of separate actions by individual members of the proposed classes may create a risk of inconsistent or varying adjudications with respect to individual members of the proposed classes, which could establish incompatible standards of conduct for Defendant.

63.     These incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the proposed classes.

64.     Class certification is appropriate under Rule 23(b)(3) in that the questions of law and fact that are common to members of the proposed classes predominate over any questions affecting only individual members of the proposed classes.

65.     A class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this complaint in that:

- Individual members of the proposed classes are unlikely to have an interest in prosecuting and controlling separate individual actions; and

- The concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

**Count I**
**Violation of 15 U.S.C. § 1692g(a)(3)**

66.     Plaintiff incorporates the factual allegations contained in paragraphs 1 through 65 above.

67.     The FDCPA at section 1692g(a) provides:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

68.    The October 4, 2017 communication was Defendant's initial communication to Plaintiff.

69.    The October 4, 2017 communication did not contain the proper disclosures required by 15 U.S.C. § 1692g(a)(3), nor did Defendant provide such disclosures within five days thereafter.

70.    Specifically, the October 4, 2017 communication failed to notify Plaintiff that unless she disputed the alleged debt within 30 days of receipt of the letter, Defendant would assume the debt to be valid. *See* Ex. A.

71.     As a result, Defendant violated 15 U.S.C. § 1692g(a)(3).

72.     The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to her personally, regarded her personal alleged debt, and failed to give her statutorily-mandated disclosures to which she was entitled.

73.     Likewise, Defendant's actions created a concrete harm in that they constituted a debt collection practice that Congress prohibited because such practice is likely to mislead consumers, causing them to misunderstand their rights and to not vindicate the protections afforded them by federal law. In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm.

**Count II**
**Violation of 15 U.S.C. § 1692g(a)(4)**

74.     Plaintiff incorporates the factual allegations contained in paragraphs 1 through 65 above.

75.     The FDCPA at section 1692g(a) provides, in pertinent part:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

\*        \*        \*

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

\*       \*       \*

15 U.S.C. § 1692g(a)(4).

76.    The October 4, 2017 communication was Defendant's initial communication to Plaintiff.

77.    The October 4, 2017 communication did not contain the proper disclosures required by 15 U.S.C. § 1692g(a)(4), nor did Defendant provide such disclosures within five days thereafter.

78.    Specifically, the October 4, 2017 communication failed to include any disclosure that if Plaintiff provided written notice that the alleged debt, or any portion thereof, is disputed, Defendant would obtain verification of the alleged debt or a copy of a judgment against Plaintiff, and a copy of such verification or judgment would be mailed to her by Defendant. *See* Ex. A.

79.    As a result, Defendant violated 15 U.S.C. § 1692g(a)(4).

80.    The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to her personally, regarded her personal alleged debt, and failed to give her statutorily-mandated disclosures to which she was entitled.

81.    Likewise, Defendant's actions created a concrete harm in that they constituted a debt collection practice that Congress prohibited because such practice is likely to mislead consumers, causing them to misunderstand their rights and to not vindicate the protections afforded them by federal law. In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm.

**Count III**
**Violation of 15 U.S.C. § 1692g(a)(5)**

82.    Plaintiff incorporates the factual allegations contained in paragraphs 1 through 65 above.

83.    The FDCPA at section 1692g(a) provides, in pertinent part:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

> *       *       *

> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)(5).

84.    The October 4, 2017 communication was Defendant's initial communication to Plaintiff.

85.   The October 4, 2017 communication did not contain the proper disclosures required by 15 U.S.C. § 1692g(a)(5), nor did Defendant provide such disclosures within five days thereafter.

86.   Specifically, the October 4, 2017 communication failed to notify Plaintiff that upon her written request within the thirty-day period, Defendant will provide her with the name and address of the original creditor, if different from the current creditor. *See* Ex. A.

87.   As a result, Defendant violated 15 U.S.C. § 1692g(a)(5).

88.   The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to her personally, regarded her personal alleged debt, and failed to give her statutorily-mandated disclosures to which she was entitled.

89.   Likewise, Defendant's actions created a concrete harm in that they constituted a debt collection practice that Congress prohibited because such practice is likely to mislead consumers, causing them to misunderstand their rights and to not vindicate the protections afforded them by federal law. In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm.

## Count IV
## Violation of 15 U.S.C. § 1692e(5)

90.     Plaintiff incorporates the factual allegations contained in paragraphs 1 through 65 above.

91.     The FDCPA at section 1692e(5) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*          \*          \*

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

15 U.S.C. § 1692e(5).

92.     Defendant mailed to Plaintiff two communications, one dated October 4, 2017 and the other October 5, 2017, that included multiple threats of the institution of foreclosure proceedings on Plaintiff's subject property unless she paid her alleged debt in full. *See* Exs. A, B.

93.     However, less than two weeks later, Panatte mailed a letter to Plaintiff dated October 13, 2017 explaining that Defendant's October 4 and 5, 2017 letters had been "sent in error." Ex. C.

94.     Panatte further assured Plaintiff that it "will not be foreclosing on the property" identified in Defendant's letters. *Id*.

95.     Thus, Defendant's earlier threats to foreclose on Plaintiff's property were illusory, and accordingly false and deceptive, given Panatte's admission that those threats had been "sent in error" and that it would not be instituting foreclosure proceedings.

96.     As a result, Defendant violated 15 U.S.C. § 1692e(5).

97.     The harm suffered by Plaintiff is particularized in that the violative debt collection letters at issue were sent to her personally, regarded her personal alleged debt, and utilized false threats specific to her subject property.

98.     Likewise, Defendant's actions created a concrete harm in that they constituted a debt collection practice that Congress prohibited because such practice is likely to mislead consumers. In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm.

**Count V**
**Violation of 15 U.S.C. § 1692e(2)(A)**

99.     Plaintiff incorporates the factual allegations contained in paragraphs 1 through 65 above.

100.    The FDCPA at section 1692e(2)(A) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

*     *     *

(2) The false representation of—

    (A) the character, amount, or legal status of any debt

15 U.S.C. § 1692e(2)(A).

101.   Defendant mailed to Plaintiff two communications, one dated October 4, 2017 and the other October 5, 2017, that included identical demands for payment of $65,262.58 "plus any payments, late charges, fees, insurance advances, or delinquent taxes due" "within **30 days** from the date of th[e] notice[s]." *See* Exs. A, B.

102.   Defendant's letters went on to state, "Partial payments are not acceptable." *See* Exs. A, B.

103.   Because Defendant's communications to Plaintiff failed to further explain any such payments, charges, fees, advances, or taxes allegedly owed—let alone provide any sort of accounting for their amounts—the letters leave the least sophisticated consumer to guess as to what is actually owed on the alleged debt Defendant sought to collect.

104.   Thus, Defendant's communications falsely represented the character and amount of Plaintiff's alleged debt.

105.   As a result, Defendant violated 15 U.S.C. § 1692e(2)(A).

106.   The harm suffered by Plaintiff is particularized in that the violative debt collection letters at issue were sent to her personally, regarded her personal alleged debt, and falsely represented the character and amount of her own alleged debt.

107.   Likewise, Defendant's actions created a concrete harm in that they constituted a debt collection practice that Congress prohibited because such practice is likely to mislead consumers. In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm.

**Count VI**
**Violation of 15 U.S.C. § 1692e(10)**

108.   Plaintiff incorporates the factual allegations contained in paragraphs 1 through 65 above.

109.   The FDCPA at section 1692e(10) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

*      *      *

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(10).

110.   Defendant mailed to Plaintiff two communications, one dated October 4, 2017 and the other October 5, 2017, that included identical demands for payment

of $65,262.58 "plus any payments, late charges, fees, insurance advances, or delinquent taxes due" "within **30 days** from the date of th[e] notice[s]." *See* Exs. A, B.

111.   Defendant's letters went on to state, "Partial payments are not acceptable." *See* Exs. A, B.

112.   Because Defendant's communications to Plaintiff failed to further explain any such payments, charges, fees, advances, or taxes allegedly owed—let alone provide any sort of accounting for their amounts—the letters leave the least sophisticated consumer to guess as to what is actually owed on the alleged debt Defendant sought to collect.

113.   Thus, Defendant's communications used false representations or deceptive means to collect or attempt to collect Plaintiff's alleged debt.

114.   As a result, Defendant violated 15 U.S.C. § 1692e(10).

115.   The harm suffered by Plaintiff is particularized in that the violative debt collection letters at issue were sent to her personally, regarded her personal alleged debt, and used false and deceptive means to attempt to collect her own alleged debt.

116.   Likewise, Defendant's actions created a concrete harm in that they constituted a debt collection practice that Congress prohibited because such practice is likely to mislead consumers. In addition, Defendant's actions invaded a specific

private right created by Congress, and the invasion of said right creates the risk of real harm.

**Count VII**
**Violation of 15 U.S.C. § 1692f**

117.   Plaintiff incorporates the factual allegations contained in paragraphs 1 through 65 above.

118.   The FDCPA at section 1692f provides: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

119.   Defendant mailed to Plaintiff two communications, one dated October 4, 2017 and the other October 5, 2017, that included identical demands for payment of $65,262.58 "plus any payments, late charges, fees, insurance advances, or delinquent taxes due" "within **30 days** from the date of th[e] notice[s]." *See* Exs. A, B.

120.   Defendant's letters went on to state, "Partial payments are not acceptable." *See* Exs. A, B.

121.   Because Defendant's communications to Plaintiff failed to further explain any such payments, charges, fees, advances, or taxes allegedly owed—let alone provide any sort of accounting for their amounts—the letters leave the least sophisticated consumer to guess as to what is actually owed on the alleged debt Defendant sought to collect.

122.    Thus, Defendant's communications used unfair and unconscionable means to collect or attempt to collect Plaintiff's alleged debt.

123.    As a result, Defendant violated 15 U.S.C. § 1692f.

124.    The harm suffered by Plaintiff is particularized in that the violative debt collection letters at issue were sent to her personally, regarded her personal alleged debt, and used unfair and unconscionable means to attempt to collect her own alleged debt.

125.    Likewise, Defendant's actions created a concrete harm in that they constituted a debt collection practice that Congress prohibited because such practice is likely to mislead consumers. In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm.

## Count VIII
## Violation of Cal. Civ. Code § 1788.17

126.    Plaintiff incorporates the factual allegations contained in paragraphs 1 through 65 above.

127.    The Rosenthal Act at Section 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

Cal. Civ. Code § 1788.17.

128.   Defendant violated Cal. Civ. Code § 1788.17 by virtue of its violations of the FDCPA, as described above.

**Trial by Jury**

129.   Plaintiff requests a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

    a) Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

    b) Certifying Plaintiff as a class representative;

    c) Appointing Plaintiff's counsel as class counsel;

    d) Adjudging and declaring that Defendant violated 15 U.S.C. § 1692g(a)(3), 15 U.S.C. § 1692g(a)(4), 15 U.S.C. § 1692g(a)(5), 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f, and Cal. Civ. Code § 1788.17;

    e) Awarding Plaintiff and members of the proposed classes statutory damages pursuant to 15 U.S.C. § 1692k;

    f) Awarding members of the proposed classes actual damages, as necessary, pursuant to 15 U.S.C. § 1692k;

    g) Awarding Plaintiff and members of the proposed classes reasonable attorneys' fees, costs, and expenses incurred in this action, including

expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal

Rules of Civil Procedure;

h) Awarding Plaintiff and members of the proposed classes any pre-judgment and post-judgment interest as may be allowed under the law; and

i) Awarding other and further relief as this Court may deem just and proper.

Dated: December 7, 2017                    Respectfully submitted,

                                           */s/ Todd M. Friedman*
                                           Todd M. Friedman (SBN 216752)
                                           Law Offices of Todd M. Friedman, P.C

                                           Jesse S. Johnson (*pro hac vice* application to follow)
                                           Greenwald Davidson Radbil PLLC